# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**FANNIE BROWN**

**VERSUS**

**GERALDINE CLARK, ET AL.**

**CIVIL ACTION**

**NO. 18-1069-SDD-RLB**

## ORDER

Before the Court is Wright National Flood Insurance Company's ("Wright") Motion to Compel Disclosures (R. Doc. 37) filed on June 12, 2019. The deadline for filing an opposition has expired. LR 7(f). Accordingly, the motion is unopposed.

The Court set March 26, 2019 as the deadline for the parties to exchange initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure. (R. Doc. 24). Wright represents that Plaintiff failed to provide her initial disclosures by this deadline. Wright further represents that counsel for the parties conferred on May 3, 2019 with respect to this issue, but Plaintiff has nevertheless not provided her disclosures as of the filing of the instant motion.

"If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A). If a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure,

response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

The record indicates that Plaintiff did not timely provide her initial disclosures to Wright. Despite having an opportunity to respond to Wright's assertions, Plaintiff failed to file any opposition to the instant motion. Accordingly, the Court will order Plaintiff to provide her initial disclosures to Wright. Furthermore, given the record, the Court will award Wright the recovery of reasonable expenses incurred in making the instant motion, including attorney's fees, pursuant to Rule 37(a)(5)(A).

For the foregoing reasons,

**IT IS ORDERED** that Wright's Motion to Compel Disclosures (R. Doc. 37) is **GRANTED**. Plaintiff must provide her initial disclosures to Wright no later than **7 days** from the date of this Order.

**IT IS FURTHER ORDERED** that Wright is entitled to an award of the reasonable attorney's fees and costs that they incurred in bringing this Motion to Compel, and that Plaintiff (or her counsel) shall be responsible for such payment. In connection with this award, the parties are to do the following:

(1)     If the parties are able to resolve this among themselves or otherwise agree to a reasonable amount of attorney's fees and costs,[1] Plaintiff (or her counsel) shall pay that amount;

(2)     If the parties do <u>not</u> agree to a resolution, Wright may, within **14 days** of the docketing of this Order, file a Motion for Fees and Costs pursuant to Rule 37,

---

[1] This Court has previously found that a relatively modest award was reasonable under similar circumstances. *See Talley v. State Farm Mutual Automobile Ins. Co.,* No. 16-cv-406, ECF No. 15 (M.D. La. Dec. 9, 2016) ($250 award). The Court also recognizes that a reasonable award under Rule 37 may be less than the actual fees incurred.

setting forth the reasonable amount of costs and attorney's fees (including evidentiary support) incurred in obtaining this Order; and

(3)     Plaintiff shall, within 7 days of the filing of Wright's Motion, file any opposition pertaining to the imposition of the amounts requested by Wright.

Signed in Baton Rouge, Louisiana, on July 9, 2019.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE