# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**FANNIE BROWN**                                              **CIVIL ACTION**

**VERSUS**

                                                                       **NO. 18-1069-SDD-RLB**

**GERALDINE CLARK, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 5, 2019.

                                                          **RICHARD L. BOURGEOIS, JR.**
                                                          **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| FANNIE BROWN | CIVIL ACTION |
| VERSUS | |
| GERALDINE CLARK, ET AL. | NO. 18-1069-SDD-RLB |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion for Leave to File the Motion with Incorporated Memorandum to Remand the Defendant's Notice for Removal on the Petitioner's Original Petition for Damages from Fraud and Deceptive Insurance Practices of the Defendants ("Motion to Remand"). (R. Doc. 12).[1] The motion is opposed. (R. Doc. 23).

**I.    Background**

On January 4, 2018, Fannie Brown ("Plaintiff") initiated this action in the 19th Judicial District Court for East Baton Rouge Parish, Louisiana, naming as defendants Geraldine Clark, "Farm Bureau Insurance Company," and Liberty Mutual Insurance Company ("Liberty").[2] (R. Doc. 1-1). In this initial pleading, Plaintiff seeks recovery for damages allegedly suffered as a result of a car accident involving Plaintiff and Geraldine Clark on January 15, 2017. (R. Doc. 1-1 at 1).

On August 21, 2018, the State court dismissed Geraldine Clark and her insurer, Louisiana Farm Bureau Casualty Insurance Company. (R. Doc 1-3). Plaintiff's claims against Liberty as her own uninsured/underinsured motor insurance carrier were not dismissed.

---

[1] Although styled as a "motion for leave" to file a motion to remand, the relief sought is remand to state court.
[2] The Notice of Removal asserts that the correct name for Liberty Mutual Insurance Company is Liberty Personal Insurance Company. (R. Doc. 1 at 2; *see* R. Docs. 1-6, 1-7).

1

On August 31, 2018, Plaintiff filed a First Amended and Supplemental Petition for Damages from Fraud and Deceptive Insurance Practices ("Amended Petition"). (R. Doc 1-2).[3] In the Amended Petition, Plaintiff alleges that her injuries sustained in the automobile accident, including neck pain, were "exacerbated by the Great Flood of 2016, which occurred on August 13, 2016, in the Baton Rouge and surrounding areas." (R. Doc. 1-2 at 1) (emphasis removed).[4] It appears that Plaintiff is now seeking recovery from Liberty both as her uninsured/underinsured motor insurance carrier and homeowner insurance carrier. Plaintiff also seeks to recover from Wright National Flood Insurance Company ("Wright")[5] in light of the flooding of a residence in Baton Rouge, Louisiana during the Great Flood of 2016. (R. Doc. 1-2 at 3, 5, 9).

On November 26, 2018, the Louisiana Secretary of State served a citation in this proceeding on Wright. (R. Doc. 1-5). Wright asserts that it received the citation on November 29, 2018, but was not served a copy of the Amended Petition at that time. (R. Doc. 23 at 3).

On December 7, 2018, Wright removed this action asserting that this Court has subject matter jurisdiction in light of the National Flood Insurance Act of 1968 ("NIFA"), 42 U.S.C. § 4001, *et seq.*, federal question jurisdiction under 28 U.S.C. § 1331, and diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 1). Liberty consented to removal. (R. Docs. 5, 6). Wright provided notice to the East Baton Rouge Parish Clerk of Court by fax and U.S. mail, and to Plaintiff's counsel by email. (R. Doc. 23-5). The same day, the Clerk's Office sent a notice to

---

[3] It is unclear whether Plaintiff sought and obtained leave to file this amended pleading in the record, or whether, under state law, such leave was required.

[4] It is unclear how an event approximately 5 months prior to the automobile crash could have "exacerbated" injuries caused by the crash. It appears that Plaintiff may be asserting that she sustained certain injuries in light of the adjustment of her insurance claims related to the flood that were exacerbated by the injuries arising out of the automobile crash.

[5] Throughout the Amended Petition and on the Citation, Plaintiff also identifies this defendant as "Colonial Claims" doing business as "Wright National Insurance Company" and two individuals named "Wynema Lee" and "Jarrod Mullings" as representatives of the defendant Wright asserts that Colonial Claims "is an independent adjusting company" and the named individuals are not representatives of Wright. (R. Doc. 23 at 2). For the purposes of this motion, and given the lack of any coherent explanation by Plaintiff addressing these named entities/individuals, the Court interprets the Amended Petition as seeking relief solely with respect to Liberty and Wright.

2

Plaintiff's counsel, who was not admitted to practice before the Middle District of Louisiana at the time, providing that the action had been removed. (R. Doc. 4).

Plaintiff's counsel failed to attend a scheduling conference on January 31, 2019, but the Court was able to contact him by phone and reset the conference. (R. Doc. 11).

On February 8, 2019, Plaintiff filed a Motion to Remand. (R. Doc. 12).

## II.    Arguments of the Parties

In support of remand, Plaintiff raises several arguments with respect to procedural defects in removal and lack of diversity jurisdiction, several of which are difficult to decipher.[6] (R. Doc. 12). The procedural defects include untimeliness, lack of consent in removal, waiver of removal the right to removal, failure to file required notices, and failure to amend the notice of removal. Plaintiff does not raise any argument with respect to jurisdiction under the NFIA or federal question jurisdiction.

In opposition, Wright argues that plaintiff has waived her procedural defect arguments by filing an untimely motion to remand. (R. Doc. 23-4). Wright further argues that the Court has diversity jurisdiction, as well as exclusive federal jurisdiction under the NFIA in light of Plaintiff's claims for breach of a Standard Flood Insurance Policy ("SFIP"). (R. Doc 23 at 5-6). Defendant also addresses each of Plaintiff's various reasons for seeking remand. (R. Doc 23 at 7-16).

The Court provided Plaintiff the opportunity to reply to Wright's arguments without seeking leave of court. (R. Doc. 24). Plaintiff did not file a Reply. Accordingly, Wright's

---

[6] Plaintiff's motion and memorandum in support contain various irrelevant references to social and racial issues, including a discussion of the Dred Scott opinion and civil disobedience. Plaintiff's arguments are also difficult to read in light of the overuse of typographical emphasis.

3

arguments with respect to waiver of procedural defects and jurisdiction under the NFIA are unaddressed by Plaintiff.

### III. Law and Analysis

#### A. Waiver of Procedural Defects

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). The Fifth Circuit has expressly stated that "all removal defects are waivable except for lack of original subject matter jurisdiction." *In re Digicon Marine, Inc.*, 966 F.2d 158, 160 (5th Cir. 1992). "[A] motion for remand based on procedural defects that is brought more than 30 days after the removal of the action, is outside of the district court's power to grant." *Schexnayder v. Entergy La., Inc.*, 394 F.3d 280, 284 (5th Cir. 2004)

"[A] plaintiff waives his right to remand on the basis of procedural defects—like untimely removal—if he fails to file a motion to remand on that basis within thirty (30) days after notice of removal is given." *Tommaso v. State Farm Lloyds*, No. 15-274, 2016 WL 6883042, at *1 (S.D. Tex. Sept. 28, 2016) (citing 28 U.S.C. § 1447(c); *Barnes v. Westinghouse Elec. Corp.*, 962 F.2d 513, 516 (5th Cir. 1992)).

Wright removed this action on December 7, 2018, indicating that it served Plaintiff, through her counsel, with a copy of the Notice of Removal. (R. Doc. 1). The record indicates that Plaintiff, through her counsel, in fact received notice of the removal on December 7, 2018. (R. Doc. 23-5; *see* R. Doc. 4).

Despite having received timely notice of the removal, Plaintiff did not file the instant Motion to Remand until February 8, 2019, well over 30 days after removal. (R. Doc. 12). The Court has provided Plaintiff an opportunity to reply to Wright's arguments with respect to waiver

4

of procedural defects. Plaintiff has raised no arguments. Having considered the record, the Court concludes that Plaintiff has waived her right to remand on the basis of any procedural defects in removal.

Nevertheless, the Court will briefly address Plaintiff's non-jurisdictional arguments to the extent they are cognizable, as they all lack merit. The record indicates that the initial pleading was not removable in light of lack of diversity, and Wright, which was added in the Amended Petition, removed the action within 30 days of receipt of a citation despite having not been served the Amended Petition. Removal under these facts is timely under 28 U.S.C. § 1446(b)(3). Removal was less than one year after the action was initiated, so 28 U.S.C. § 1446(c)(1) is not implicated. Liberty, the only other defendant, consented to removal to the extent required by 28 U.S.C. § 1446(b)(2)(A). Wright filed the required notice of the removal to adverse parties and the State court as required by 28 U.S.C. § 1446(d). To the extent removal is premised on diversity jurisdiction, there is no forum defendant that would preclude removal. *See* 28 U.S.C. § 1441(b)(2). Finally, there is no basis for finding a waiver of the right to remove given that Wright asserts that its only filing in state court prior to removal was a motion for extension of time to file responsive pleadings and removed the action within weeks of service of the citation.

Based on the foregoing, even if Plaintiff had not waived her arguments with respect to procedural defects, remand based upon a procedural defect would be unavailable.

### B.    Diversity Jurisdiction

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000,

5

exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

Plaintiff argues that Court lacks diversity jurisdiction without addressing the citizenship of the parties or the amount in controversy required. While it is not entirely clear, it appears that Plaintiff's arguments with respect to diversity relates to the lack of citizenship at the time of the initial filing. (*See* R. Doc. 12-1 at 6-7). As discussed above, Wright was not a named defendant in the initial Petition and otherwise timely removed the action after the filing of the Amended Petition naming Wright as a defendant. There is no dispute that the parties, at the time of removal, were diverse: Plaintiff is a citizen of Louisiana, Wright is a citizen of Texas and Florida, and Liberty is a citizen of New Hampshire and Massachusetts. (R. Doc. 1 at 4; R. Doc. 1-2). There is also no dispute that the amount in controversy is satisfied given Plaintiff's assertion in the Amended Petition that she has damages in excess of $290,200.00 and has only been paid $108,393.47. (R. Doc. 1-2 at 9). Plaintiff also asserts in her memorandum that "the full amount of insured's loss was more than triple the $290,200.00." (R. Doc. 1-2 at 9).

Given the record, Wright has met its burden of establishing diversity jurisdiction. Accordingly, the Court need not address whether it has jurisdiction under the NFIP or federal question jurisdiction. The Court notes, however, that "[t]he NFIP grants original and exclusive jurisdiction to the United States District Courts over all lawsuits against FEMA or a WYO insurer regarding an NFIP claim." *Morris v. Simsol Ins. Services*, No. 13-2514, 2013 WL 6590584, at *3 (W.D. La. Dec. 16, 2013) at *3 (citing 42 U.S.C. § 4072). Moreover, the Fifth

6

Circuit has held that "an action for breach of an SFIP, a policy issued pursuant to the NFIP, satisfies § 1331 by raising a substantial question of federal law." *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009). There is no dispute that this is an action for a breach of an SFIP. It is unclear, however, given the confusing nature of Plaintiff's allegations, whether the merits dispute in this action will require an application of federal law. Given the ambiguities with respect to the nature of Plaintiff's claims, a finding of diversity jurisdiction over the action is sufficient for concluding that the Court is properly exercising subject matter jurisdiction without reaching the issue of whether jurisdiction under some other basis is also present.

### IV.  Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 12) be **DENIED.**

Signed in Baton Rouge, Louisiana, on August 5, 2019.

                                          **RICHARD L. BOURGEOIS, JR.**
                                          **UNITED STATES MAGISTRATE JUDGE**