# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

FANNIE BROWN            CIVIL ACTION

VERSUS

           NO. 18-1069-SDD-RLB

GERALDINE CLARK, ET AL.

## ORDER

Before the Court is Wright National Flood Insurance Company's ("Wright") Motion for Order to Compel Discovery ("Motion to Compel"). (R. Doc. 46). The deadline for filing an opposition has expired. LR 7(f). Accordingly, the Motion to Compel is unopposed.

On March 14, 2019, Wright served interrogatories on Plaintiff. (R. Doc. 46-2). Plaintiff provided answers and objections on April 22, 2019. (R. Doc. 46-3). The answers were not signed by Plaintiff and were not made under oath. The parties held a discovery conference on May 3, 2019, during which Plaintiff objected to the interrogatories on the basis that they consist of more than 25 subparts, but nevertheless agreed to supplement the responses. (R. Doc. 46-4 at 1). Wright represents that at the conference Plaintiff's counsel was "asked to comply with Rule 33(b)(3) of the Federal Rules of Civil Procedure and to provide verified answers to [the] interrogatories." (R. Doc. 46 at 1). After the conference, Wright's counsel informed Plaintiff's counsel that Plaintiff "will need to verify her discovery responses." (R. Doc. 46-5 at 1). Plaintiff then provided amended answers and objections on May 10, 2019. (R. Doc. 46-4 at 6-61). The amended answers were not signed by Plaintiff and were not made under oath. Wright's counsel reminded Plaintiff's counsel on July 10, 2019, that Plaintiff did not sign her interrogatory responses under oath. (R. Doc. 46-6 at 1). Wright filed the instant motion on July 16, 2019. (R. Doc. 46).

Rule 33(b)(3) provides that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3); *see Dugas v. Mercedes-Benz USA, LLC*, No. 12-02885, 2014 WL 458083, at *2 (W.D. La. Feb. 3, 2014) (warning counsel that "verification of discovery responses is required" by Rule 33(b)(3) and noting that "further violation of that requirement will not be tolerated). Furthermore, Rule 33(b)(5) provides that the "person who makes the answers must sign them and the attorney who objects must sign any objections." Fed. R. Civ. P. 33(b)(5). Accordingly, the Court will require Plaintiff to sign her answers and verify her answers, under oath, to the extent she has not done so.

The Court notes that on July 13, 2019, Plaintiff filed a Motion for Protective Order seeking relief with respect to her failure to provide timely initial disclosures and a discovery order requiring disclosures to be made and awarding fees. (R. Doc. 40). The motion and supporting memorandum appear to address Plaintiff's objections to the interrogatories subject to the instant motion, but does not seek relief with respect to those interrogatories. The instant order merely requires Plaintiff to sign and verify any answers provided. It does not address the sufficiency of any objections raised by Plaintiff's counsel.

Having considered the record, including the nature of the relief sought, the Court does not find an award of expenses appropriate. *See* Fed. R. Civ. P. 37(a)(1)(A). Failure to comply with this order, however, will subject Plaintiff and her counsel to sanctions under Rule 37(b)(2).

Based on the foregoing,

**IT IS ORDERED** that Wright's Motion to Compel (R. Doc. 46) is **GRANTED**. Plaintiff shall sign her answers to Wright's interrogatories and verify her answers to Wright's

interrogatories, under oath, to the extent such answers have not been signed and verified, within

**7 days** of the date of this Order.

Signed in Baton Rouge, Louisiana, on August 7, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**