## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

FANNIE BROWN                                         CIVIL ACTION

VERSUS                                                   18-1069-SDD-RLB

GERALDINE CLARK, *et al.*

### RULING

This matter is before the Court on the *Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56*[1] filed by Plaintiff, Fannie Brown ("Brown" or "Plaintiff"). Defendants, Wright National Flood Insurance Company ("Wright National") and Liberty Personal Insurance Company ("Liberty Mutual"), each filed an *Opposition*,[2] to which Brown filed one combined *Reply*.[3] For the reasons that follow, the Court finds that Brown's *Motion* shall be DENIED.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This action began in the 19th Judicial District Court for East Baton Rouge Parish, where, on January 4, 2018, Brown filed suit against Defendant Geraldine Clark and her insurers, seeking damages related to a motor vehicle collision.[4] Brown also made defendant therein Liberty Mutual, her own insurer, out of what she described as "an abundance of caution."[5] On August 31, 2018, Brown filed an *Amended and Supplemental Petition* in that suit, making various allegations against Wright National,

---

[1] Rec. Doc. No. 98.
[2] Rec. Doc. No. 99 (Wright National); Rec. Doc. No. 101 (Liberty).
[3] Rec. Doc. No. 105.
[4] Rec. Doc. No. 1-1.
[5] *Id.* at p. 6.
61250

which had issued a Standard Flood Insurance Policy ("SFIP") covering Brown's residence in Baton Rouge, Louisiana, which was damaged by flooding in August 2016.[6] Wright National properly removed the suit to this Court on December 7, 2018.[7]

Brown now urges this *Motion for Summary Judgment*, which, despite this Court's best efforts to parse it, is so convoluted and poorly structured that it fails to advance any coherent argument whatsoever. In fact, it is unclear from the *Motion* which claims Brown seeks summary judgment on at all. Both Defendants gamely attempted to respond to the *Motion* in their *Oppositions*. Wright National noted that "[t]he basis for the Motion is unclear, at best. It is unclear whether any relief is requested. The 'facts' upon which the Motion is based are either erroneous, unsupported or irrelevant to the issues presented in the claims against Wright."[8] Likewise, Liberty Mutual criticized Brown's *Motion* as "confusing," stating that it "conflates current and prior defendants, contradicts itself, and contains reams of irrelevant information and distortions."[9] The Court agrees.

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[10] The Court is hard-pressed to apply this standard in the face of a *Motion* as unclear as Brown's. Needless to say, because she has not clearly identified the claims at issue nor furnished competent summary judgment evidence in support of a comprehensible argument, Brown has failed to carry her burden as the movant and her *Motion* shall be denied. This Court will not

---

[6] Rec. Doc. No. 1-2.
[7] Rec. Doc. No. 1.
[8] Rec. Doc. No. 99, p. 2.
[9] Rec. Doc. No. 101, p. 1.
[10] Fed. R. Civ. P. 56(a).
61250

strain to find a credible argument where none has been adequately presented. As the United States Court of Appeals for the Fifth Circuit stated in a recent case, "[s]ome claims are 'so insubstantial, implausible, ... or otherwise completely devoid of merit as not to involve a federal controversy. . .Federal courts lack power to entertain these 'wholly insubstantial and frivolous' claims."[11]

## II.    CONCLUSION

For the reasons stated above, Plaintiff's *Motion for Summary Judgment*[12] is hereby DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana the 23rd day of July, 2020.

*[signature]*

**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[11] *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1006 (5th Cir. 2019)(internal quotations and citations omitted).
[12] Rec. Doc. No. 98.
61250