# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

FANNIE BROWN                                              CIVIL ACTION

VERSUS                                                    18-1069-SDD-RLB

GERALDINE CLARK, *et al.*

## RULING

This matter is before the Court on the *Motion for Partial Summary Judgment*[1] filed by Defendant, Liberty Personal Insurance Company ("Liberty Mutual"). Plaintiff Fannie Brown ("Brown" or "Plaintiff") filed an *Opposition,*[2] to which Liberty Mutual filed a *Reply.*[3] For the reasons that follow, the Court finds that Liberty Mutual's *Motion* shall be GRANTED.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

This action began in the 19th Judicial District Court for East Baton Rouge Parish, where, on January 4, 2018, Brown filed suit against Defendant Geraldine Clark and her insurers, seeking damages related to a motor vehicle collision.[4] Also made defendant therein was Brown's own insurer, Liberty Mutual. On August 31, 2018, Brown filed an *Amended and Supplemental Petition* in that suit, making various allegations against Wright National, which had issued a Standard Flood Insurance Policy ("SFIP") covering

---

[1] Rec. Doc. No. 103.
[2] Rec. Doc. No. 106.
[3] Rec. Doc. No. 107.
[4] Rec. Doc. No. 1-1.
61270

Brown's residence in Baton Rouge, Louisiana, which was damaged by flooding in August 2016.[5] Wright National properly removed the suit to this Court on December 7, 2018.[6]

In this *Motion for Summary Judgment*, Liberty Mutual seeks partial summary judgment on Brown's bodily injury claims and related bad faith claims stemming from the January 15, 2017 motor vehicle accident that gave rise to this suit. Liberty Mutual argues that to recover under her uninsured motorist (UM) coverage, Brown must, as a matter of Louisiana law, demonstrate that the tortfeasor, Geraldine Clark, was underinsured and that Brown's damages exceed the $15,000 already paid to her by Clark and her insurer, Farm Bureau Insurance Company. According to Liberty Mutual, Brown "simply has not come forward with any evidence to demonstrate that she has sustained economic damages that exceed the amounts available to her under"[7] Clark's Farm Bureau insurance policy. Moreover, Liberty Mutual argues, Brown's corresponding claims for bad faith penalties and attorney's fees should be dismissed with prejudice because, under Louisiana law, a bad faith claim requires a "valid underlying claim"[8] to survive; in its view, Brown does not have one.

Brown's *Opposition* to the *Motion* attempts to defeat summary judgment by repeatedly explaining that Liberty Mutual is in receipt of her medical records, which, she claims, detail her neck and shoulder pain and make "clear that the damage. . . exceeded

---

[5] Rec. Doc. No. 1-2.
[6] Rec. Doc. No. 1.
[7] Rec. Doc. No. 103-1, p. 2.
[8] *Naquin v. Elevating Boats, L.L.C.*, 817 F.3d 235, 240 (5th Cir. 2016).
61270

the policy limits of $15,000."[9] In its *Reply*, Liberty Mutual does not dispute that it received Brown's medical records, nor does it "necessarily disagree that Ms. Brown sustained *some* injury in the accident."[10] Per Liberty Mutual, however, the records contain "no evidence of plaintiff's economic losses exceeding $15,000, which would then trigger the Policy's UM coverage."[11] Because proving economic damages is an essential element of a UM claim, as discussed above, Liberty Mutual argues that the lack of evidence of economic losses is fatal to Brown's claim. After reviewing the parties' briefs, the summary judgment evidence, and the applicable law, the Court agrees with Liberty Mutual and finds that summary judgment should be granted, for reasons explained below.

## II.    LAW AND ANALYSIS

### a.  Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[12]  "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[13]  A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's

---

[9] Rec. Doc. No. 106, p. 21.
[10] Rec. Doc. No. 102-1, p. 5 (emphasis original).
[11] Rec. Doc. No. 107, p. 1-2.
[12] Fed. R. Civ. P. 56(a).
[13] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).
61270

case."[14]  If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[15]  However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[16]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[17]  All reasonable factual inferences are drawn in favor of the nonmoving party.[18]  However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[19]  "Conclusory allegations unsupported by specific facts … will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations … to get to a jury without any "significant probative evidence tending to support the complaint."'"[20]

---

[14] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D. La. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25)).

[15] *Rivera v. Houston Independent School Dist.,* 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).

[16] *Willis v. Roche Biomedical Lab., Inc.,* 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little,* 37 F.3d at 1075 (5th Cir. 1994)).

[17] *Pylant v. Hartford Life & Accident Ins. Co.*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[18] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).

[19] *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010) (quoting *Rogers v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).

[20] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd.,* 40 F.3d 698, 713 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).

61270

b.  Evidence of Covered Damages

Brown's    Liberty    Mutual    insurance    policy    provided    "economic-only"

uninsured/underinsured motorist coverage that would compensate her in the event that

she incurred medical expenses and other damages that exceeded the tortfeasor's policy

limits.[21]  The Louisiana Supreme Court has held that "'satisfactory proof of loss' in a claim

pursuant to UM coverage is receipt by the insurer of 'sufficient facts which fully apprise

the insurer that (1) the owner or operator of the other vehicle involved in the accident was

uninsured or under insured; (2) that he [or she] was at fault; (3) that such fault gave rise

to damages; and (4) establish the extent of those damages.'"[22] Liberty Mutual's argument

for summary judgment focuses on element (4), specifically that Brown has never been

able "to demonstrate what medical expenses she has incurred as a result of the motor

vehicle accident."[23]

Liberty cites Brown's deposition testimony in support of this argument. Asked

whether she had submitted the records from the physical therapy she attended after the

collision to Liberty Mutual, she unequivocally stated, "No."[24] Likewise, when asked if she

had submitted medical bills to Liberty Mutual, Brown explained that "Liberty Mutual didn't

receive these because they went to the other insurance company [Clark' insurer, Farm

Bureau]."[25] So, Brown admits that Liberty Mutual has not received medical bills that

---

[21] Rec. Doc. No. 103-3, p. 29 *et seq.*
[22] *Reed v. State Farm Mut. Auto. Ins. Co.,* 2003-0107 (La. 10/21/03), 857 So. 2d 1012, 1022 (quoting *McDill v. Utica Mutual Insurance Company,* 475 So.2d 1085, 1089 (La.1985)).
[23] Rec. Doc. No. 103-1, p. 9.
[24] Rec. Doc. No. 103-6, p. 33, 126:16-19.
[25] *Id.* at p. 41, 158:13-16.
61270

establish the extent of her damages. Her digressive *Opposition* does not identify any evidence that could prevent summary judgment on this point. Although she repeatedly points to her discovery responses as evidence of her losses, none of those responses provide evidence of her economic damages. Although medical records may demonstrate that Brown was seen or treated by a physician, those records, absent bills or other evidence of expenditures, are not *ipso facto* evidence of economic damages. In other words, medical records indicative of injury are not probative of medical *expenses*. Plaintiff Brown points to no record evidence of medical bills or medical expenses. Instead, she insists that "all pertinent medical records were. . .provided" and that, based on those records, Liberty Mutual had "notice of bodily injury exceeding policy limits."[26] This is a conclusory statement that, in addition to being contradicted by her own testimony, appears to be unsupported by any competent summary judgment evidence. Brown identifies no such evidence, in any event; the Court will not comb the record seeking documents that support her claim. Even if the evidence of Brown's economic damages *did* appear somewhere in the record, the United States Court of Appeals for the Fifth Circuit has held that "[w]hen evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."[27] Indeed, the Fifth Circuit added, "Judges are not like pigs, hunting for truffles buried in briefs."[28] Accordingly, because the record reflects that Brown has failed to establish the extent of her damages as required

---

[26] Rec. Doc. No. 106, p. 12.
[27] *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).
[28] *Id.* (quoting *U.S. v. Dunkel,* 927 F.2d 955, 956 (7th Cir. 1991)).
61270

by law, her bodily injury claims shall be dismissed with prejudice. Moreover, as Liberty Mutual correctly points out, Louisiana law instructs that in order for a claim of statutory bad faith to survive, it must be based on a valid underlying claim.[29] Because Brown's underlying claim is dismissed, her related claim for bad faith penalties and attorney's fees is not viable and is also dismissed with prejudice.

## III.   CONCLUSION

For the reasons stated above, Liberty Mutual's *Motion for Partial Summary Judgment*[30] is GRANTED and Plaintiff's claims against Defendant Liberty Mutual are hereby dismissed with prejudice.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana the 17th day of August, 2020.

*Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[29] *Naquin v. Elevating Boats, L.L.C.,* 817 F.3d 235, 240 (5th Cir. 2016) (citing *Matthews v. Allstate Ins. Co.,* 731 F.Supp.2d 552, 566 (E.D.La.2010)).
[30] Rec. Doc. No. 103.
61270