## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

FANNIE BROWN                                                   CIVIL ACTION

VERSUS                                                         18-1069-SDD-RLB

GERALDINE CLARK, *et al.*

### RULING

This matter is before the Court on the Motion to Issue Order to Show Cause[1] filed by Defendant, Wright National Flood Insurance Company ("Wright National").  Plaintiff, Fannie Brown ("Plaintiff") filed a Counter Motion In Opposition to Motion for Miscellaneous Relief or Alternatively Motion to Dismiss Motion for Miscellaneous Relief,[2] to which Wright a Reply.[3] For the reasons that follow, Wright's Motion shall be GRANTED.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

This suit was filed by Plaintiff, Fannie B. Brown ("Plaintiff") against her insurer seeking damages for an automobile accident occurring on January 15, 2017; she later amended her complaint and added claims against her insurer arising out of damages sustained to her home in the "Great Flood of 2016."[4] Plaintiff's amended petition added Wright National Flood Insurance Company ("Wright") as a defendant based on Plaintiff's

---

[1] Rec. Doc. No. 130.
[2] Rec. Doc. No. 131.
[3] Rec. Doc. No. 132.
[4] Rec. Doc. No. 1, pp. 2-3.
Document Number: 61250

flood insurance policy.[5] On December 7, 2018, the case was removed to federal court.[6]

On January 31, 2019, the magistrate judge set a scheduling conference for discovery, requiring the parties to make Rule 26(a)(1) disclosures no later than seven days before the scheduling conference on January 31.[7] Wright moved to compel disclosures, which was unopposed by Plaintiff, so the Court granted Wright's motion to compel Plaintiff to make Rule 26(a)(1) disclosures.[8] Thereafter, Wright filed a motion for fees and costs, claiming that the parties had conferred over the issue of the reasonable amount of payment and were not able to reach an agreement on the payment of any monies.[9] Wright submitted a declaration from its counsel alleging it incurred $636.50 in attorney's fees.[10] The Court ordered Plaintiff's counsel to pay that amount within 14 days of its order dated August 7, 2019, pursuant to Rule 37(a)(5)(C) of the Federal Rules of Civil Procedure.[11]

In response, Plaintiff filed a Motion for New Trial[12] seeking review of the Magistrate Judge's Order; this Court denied Plaintiff's Motion for New Trial.[13] Wright and Plaintiff cross-moved for summary judgment.[14] The Court granted summary judgment in favor of Wright[15] and denied Plaintiff's motion for summary judgment.[16] On August 19, 2020, this

---

[5] *Id.*
[6] *Id.* at p. 6.
[7] Rec. Doc. No. 7, p. 1.
[8] Rec. Doc. No. 38.
[9] Rec. Doc. No. 48.
[10] Rec. Doc. No. 48-2.
[11] Rec. Doc. No. 51, p. 3.
[12] Rec. Doc. No. 55.
[13] Rec. Doc. No. 88.
[14] Rec. Doc. Nos. 90 & 98.
[15] Rec. Doc. No. 113.
[16] Rec. Doc. No. 114.
Document Number: 61250

Court entered judgment in favor of Defendants Liberty and Wright and dismissed Plaintiff's claims with prejudice.[17]

Pursuant to the judgment, Wright moved to tax costs against Plaintiff.[18] Plaintiff appealed the Court's Ruling and Judgment to the United States Court of Appeals for the Fifth Circuit.[19] The Fifth Circuit affirmed this Court's judgment against Plaintiff and taxed appellate costs against Plaintiff associated with the appeal.[20]  Considering the Mandate from the Fifth Circuit and that no opposition to the taxation of costs had been filed, the Court taxed costs against Plaintiff in the amount of $1,792.90.[21]

Plaintiff moved to review the costs taxed against her.[22] The Court reviewed the motion and Wright's opposition and concluded that Plaintiff had confused taxable costs in this Court with taxable costs on appeal in the Fifth Circuit, and she failed to cite to any authority in support of her Motion to Review; thus, the Court denied the motion.[23] On November 29, 2021, Wright filed the pending motion seeing the Court's issuance of a Show Cause Order requiring Plaintiff's counsel to explain why he not be held in contempt of Court for his failure to abide by this Court's Order for taxation of costs and the prior $636.50 discovery sanction.[24] Wright maintains that the conduct of Plaintiff's counsel has been an attempt to obstruct the progress of this case and needlessly increase the cost of litigation.[25]

---

[17] Rec. Doc. No. 117.
[18] Rec. Doc. No. 119.
[19] Rec. Doc. No. 120.
[20] Rec. Doc. No. 124.
[21] Rec. Doc. No. 125.
[22] Rec. Doc. No. 126.
[23] Rec. Doc. No. 129, p. 2.
[24] Rec. Doc. No. 130, pp. 2-3.
[25] Rec. Doc. No. 130-1, p. 3.
Document Number: 61250

In response, Plaintiff's counsel filed a Counter Motion citing the Federal Rules of Appellate Procedure 39(d) in support of her position.[26] Counsel asserts that, since Wright never filed an itemized and verified bill of costs, the order taxing costs against Plaintiff is invalid.[27] Counsel further argues that the taxation of costs was untimely because the order was issued after the closing of the case but prior to the lodging of appeal.[28] Counsel fails entirely to address the discovery sanction and generally asserts arguments that have been repeatedly rejected by this Court. Wright submitted a Reply raising the question whether Plaintiff's counsel should be subject to Rule 11(b) sanctions for the substance of the Counter Motion.

This Court has already held that the discovery sanction imposed against Plaintiff's counsel is valid as is the taxation of fees and costs related to these proceedings.   The challenges to the discovery sanction and the imposed fees and costs have been reviewed and rejected.[29]  The Court will not continue to litigate these matters; Plaintiff has lost this case, has lost her appeal, and SHALL pay the fees and costs taxed.  Likewise, Plaintiff's counsel SHALL pay discovery sanction.

The question before the Court at present is whether Plaintiff's counsel should be held in civil contempt for failing to comply with these orders and whether Plaintiff's counsel should be further sanctioned under Rule 11 of the Federal Rules of Civil Procedure for continuing to file frivolous pleadings.

---

[26] Rec. Doc. No. 131, pp. 1-2,
[27] *Id.* at p. 2.
[28] *Id.* at p. 4.
[29] Rec. Doc. Nos. 48, 126, 129, p. 2.
Document Number: 61250

## II.     LAW & ANALYSIS

"[I]t is firmly established that the power to punish for contempts is inherent in all courts."[30] In a civil contempt proceeding, the movant must establish by clear and convincing evidence that (1) a court order was in effect, (2) the order required specified conduct by the respondent, and (3) the respondent failed to comply with the court's order.[31] "Once the movant has shown a prima facie case, the burden falls on the violating party to 'show either mitigating circumstances that might cause the district court to withhold the exercise of its contempt power, or substantial compliance with the ... order.'"[32] If a party is found in civil contempt, a court may sanction that party "to coerce compliance ... or to compensate ... for the ... violation."[33]

When the elements of civil contempt have been met, the Court must still consider whether civil contempt is appropriate.   The Court must consider: "1) the harm from noncompliance; (2) the probable effectiveness of the sanction; (3) the financial resources of the contemnor and the burden the sanctions may impose; and (4) the willfulness of the contemnor in disregarding the court's order."[34]

In *Massachusetts Mutual Life Ins. Co. v. Williamson*,[35] a case upon which Wright relies, the District Court for the Northern District of Mississippi addressed a case wherein a party failed to comply with a court-ordered monetary sanction.   The court held that

---

[30] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (quotation marks omitted).

[31] *United States v. City of Jackson, Miss.*, 359 F.3d 727, 731 (5th Cir. 2004), citing *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 581 (5th Cir. 2000).

[32] *Little Tchefuncte River Assoc. v. Artesian Util. Co., Inc.*, 155 F. Supp. 3d 637, 657 (E.D. La. 2015) (quoting *Whitfield v. Pennington*, 832 F.2d 909, 914 (5th Cir. 1987)).

[33] *In re White-Robinson*, 777 F.3d 792, 795 (5th Cir. 2015) (quoting *In re Terrebonne Fuel & Lube, Inc.*, 108 F.3d 609, 612 (5th Cir. 1997)).

[34] *Lamar Fin. Corp. v. Adams*, 918 F.2d 564, 567 (5th Cir. 1990) (citing *United Mine Workers*, 330 U.S. 258).

[35] No. 4:15-CV-166-DMB-JMV, No. 4:15-CV-184-DMB-JMV, 2019 WL 7195318 (N.D. Miss. Dec. 26, 2019).

Document Number: 61250

Williamson was properly ordered to pay a $3,000 fee award, held her in civil contempt, and allowed Massachusetts Mutual to submit additional documentation for its losses caused by Williamson.[36]  The court explained:

> In addition to the inherent power of contempt, federal courts retain the inherent power to sanction abuse of the judicial process. *Manez v. Bridgestone Firestone N. Am. Tire, LLC*, 533 F.3d 578, 591 (7th Cir. 2008) ("[C]ourts retain inherent power to punish the full range of litigation abuses. This power is distinct from the contempt power.")(citation omitted). While sanctions under this power do not require a violation of a court order (as would a sanction based on civil contempt), they ordinarily require a specific finding of bad faith on the part of the party to be sanctioned. *In re Sealed Appellant*, 194 F.3d 666, 671 (5th Cir. 1999). However, this finding may be inferred "[w]hen bad faith is patent from the record...." *Id.* Sanctions imposed under this power should serve one of two purposes "vindicating judicial authority without resort to the more drastic sanctions available for contempt of court and making the [other] party whole for expenses caused by his opponent's obstinacy." *Chambers*, 501 U.S. at 46. In choosing a sanction, a court "must employ the least possible power adequate to the end proposed." *In re Carroll*, 850 F.3d 811, 814 (5th Cir. 2017).
>
> When assessing fees to an opposing party, a court invoking its inherent power to sanction bad-faith conduct "may go no further than to redress the wronged party for losses sustained." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017)(quotation marks omitted). However, a court may levy a fine to be paid to the Clerk of Court, to address misconduct. *See Steeger v. JMS Cleaning Servs., LLC,* No. 17cv8013, 2018 WL 1363497, at *2 (S.D.N.Y. Mar. 15, 2018) (*Goodyear Tire* did not prevent imposition of fine under court's inherent power).[37]

Wright also submits that the decision in *Garcia v. Metropolitan Life Insurance Company*[38] is applicable to the facts of this case. In *Garcia*, the court had previously ordered the plaintiff's counsel to pay $10,936.92 in sanctions to the defendants after "repeatedly filing meritless lawsuits."[39]  When a few months passed with no payment, the

---

[36] *Id.* at *4.
[37] *Id.* at *3 (footnotes omitted).
[38] No. 1:19-cv-113, 2020 WL 6688603 (S.D. Tex. Oct. 1, 2020).
[39] *Id.* at *1.
Document Number: 61250

defendants moved for contempt; the plaintiff's counsel moved to dismiss the original sanctions order.[40]  The court reviewed the briefs and granted the motion for contempt.[41]

In this matter, the Order requiring Plaintiff's counsel to pay Wright $636.50 was entered on August 7, 2019. The Order required this payment on or before August 21, 2019.  Nearly three years later, Plaintiff's counsel has still not paid this sanction. The Plaintiff was taxed with fees and costs related to these proceedings on September 23, 2021; Plaintiff has yet to pay these fees and costs.

Replying to Plaintiff's Counter Motion, Wright has also raised the issue of the appropriateness of a Rule 11(b) sanction.  Federal Rule of Civil Procedure 11 provides, in pertinent part:

> (b) By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> ...
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> ...
>
> (c)(3) On the Court's Initiative. On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).

In *Heisler v. Kean Miller, LLP*, the Eastern District of Louisiana explained:

> The purpose of Rule 11 is to deter baseless filings in the district court, and to spare innocent litigants and overburdened courts from the filing of

---

[40] *Id.*
[41] *Id.*
Document Number: 61250

frivolous lawsuits.[42] The United States Fifth Circuit Court of Appeals has interpreted Rule 11 to impose three affirmative duties, which an attorney or litigant, by signing a pleading, written motion, or other paper, certifies he has complied with: (1) the duty to conduct a reasonable investigation into the facts supporting the document; (2) the duty to conduct a reasonable inquiry into the law to ensure the document "embodies existing legal principles or a good faith argument for extension, modification or reversal of existing law"; and (3) the duty to certify that a document is not filed or interposed merely for purposes of delay, harassment, or increasing litigation costs.[43] Courts judge compliance with Rule 11's standards under an objective reasonableness standard, evaluating the circumstances as they existed at the time the challenged filing was signed by the lawyer or litigant.[44]

In light of the objective standard of reasonableness applied under Rule 11, an attorney's subjective good faith is not enough to immunize him from sanctions based on a Rule 11 violation.[45] In deciding a motion under Rule 11, courts within the Fifth Circuit are required to determine whether the signatory has complied with the affirmative duties imposed under the rule.[46] District courts have wide latitude to impose sanctions under Rule 11 as district court rulings under Rule 11 are reviewed for abuse of discretion.[47] District courts possess discretion in determining the nature of the appropriate sanction.[48]

Rule 11 sanction decisions must comport with due process requirements.[49] Further, courts must ensure that notice and an opportunity to be heard have been given before Rule 11 sanctions may be imposed.[50] This requirement is generally satisfied by "[s]imply giving the individual accused of a Rule 11 violation a chance to respond through

---

[42] No. 21-724, 2021 WL 5919507, *3 (E.D. La. Dec. 15, 2021)(citing *Cotter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)).

[43] *Id.* (quoting *Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1019, 1023–24 (5th Cir. 1994)).

[44] *Id.* (citing *Childs*, 29 F.3d at 1024).

[45] *Id.* (citing *Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866, 873 (5th Cir. 1988)).

[46] *Id.* (citing *Thomas*, 836 F.2d at 875).

[47] *Id.* (citing *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802 (5th Cir. 2003)).

[48] *Id.* (citing *Thomas*, 836 F.2d at 876-877).

[49] *Id.* at *7 (citing *Childs*, 29 F.3d at 1027; *Spiller v. Ella Smithers Geriatric Ctr.*, 919 F.2d 399, 349 (5th Cir. 1990)).

[50] *Id.* (citing *Childs*, 29 F. 3d at 1027 (citing *Bodie v. Connecticut*, 401 U.S. 371, 379 (1971), and *Veillon v. Exploration Services, Inc.*, 876 F.2d 1197 (5th Cir. 1989))).

Document Number: 61250

the submission of a brief."[51]

As to the appropriateness of the sanction, the *Heisler* court stated:

Once a violation of Rule 11 has been found, the district court is vested with considerable discretion in tailoring an appropriate sanction to further the purposes of Rule 11—namely, punishment, deterrence, and compensation.[52] Rule 11's primary purpose is deterrence.[53] The Fifth Circuit has instructed district courts to impose the least severe sanction in pursuit of the purposes of Rule 11.[54] Rule 11(c)(4) "expressly allows a district court to impose monetary sanctions payable to the court."[55] The Advisory Committee Notes to the 1993 amendments to Rule 11 provide that "[s]ince the purpose of Rule 11 sanctions is to deter rather than to compensate, the rule provides that, if a monetary penalty is imposed, it should ordinarily be paid into court as a penalty."[56]

Based on the foregoing, there is ample support for Wright's Motion. The Court will allow Plaintiff and her counsel to respond before the Court makes further findings.

## III.   CONCLUSION

Applying the applicable law to the facts of this case, the Court GRANTS Wright's Motion to Issue Order to Show Cause.[57] Plaintiff's Counter Motion[58] is DENIED.

---

[51] *Id.* (quoting *Childs*, 29 F.3d at 1027 (citing *Spiller*, 919 F.2d at 347)).

[52] *Id.* (citing *Am. Airlines, Inc. v. Allied Pilots Assoc.*, 968 F.2d 523, 533 (5th Cir. 1992)).

[53] *Id.* (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990); *see also Bus. Guides, Inc. v. Chromatic Commc'ns Enterprises, Inc.*, 498 U.S. 533 (1991); *Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866, 881 (5th Cir. 1988); *Raylon LLC v. Complus Data Innovations, Co.*, No. 6:09-CV-355, 2015 WL 11121530, at *4 (E.D. Tex. May 4, 2015)).

[54] *Id.* (citing *Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d at 878).

[55] *Id.* (quoting *Carr v. Cap. One, N.A.*, 460 F. App'x 461, 468 (5th Cir. 2012)).

[56] *Id.* (quoting Rule 11 Advisory Committee Notes, 1993 Amendments).

[57] Rec. Doc. No. 130.

[58] Rec. Doc. No. 131.

Document Number: 61250

**IT IS HEREBY ORDERED** that Jesse Clarence Brown, counsel for Plaintiff herein, show cause in writing, on or before August 1, 2022, why he should not be held in civil contempt of this Court and why he should not be further sanctioned under Rule 11(b) of the Federal Rules of Civil Procedure for the reasons set forth above.  The Court shall not extend this deadline absent extraordinary circumstances.

Signed in Baton Rouge, Louisiana this _5_ day of _July_, 2022.

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

Document Number: 61250